ST. LOUIS SOUTHWESTERN RY. CO. v.
WHITE, JACKSON & CO.
(No. 8050.)

(Court of Civil Appeals of Texas. Dallas.
March 22, 1919.)

1. COMMERCE ⬦34—FOREIGN SHIPMENT—IN-
TERSTATE COMMERCE COMMISSION.

Shipment from Texas to France, being a
foreign shipment, is subject to tariff, regula-
tions, and rules of Interstate Commerce Com-
mission.

2. COMMERCE ⬦34 — FOREIGN SHIPMENT —
FREIGHT REFUND—ORDER OF RAILROAD COM-
MISSION.

Where shipment was to France, carrier was
not required to refund shipper amount paid
for freight from point of origin to point of con-
centration, under order of Railroad Commis-
sion, though goods had not been sold at time of
concentration, since such shipment, being for-
eign, is subject to tariff, regulations, and rates
of Interstate Commerce Commission.

3. PAYMENT ⬦84(1)—RECOVERY—MISTAKE OF
LAW.

Money paid under misapprehension of liabil-
ity, with full knowledge of all the facts upon
which demand for payment is based and on
which the right to resist depends, cannot be re-
covered.

4. PAYMENT ⬦89(6)—RECOVERY—MISTAKE—
FINDING.

Finding that payment was voluntarily made
does not support conclusion of law that money
was paid under mistake of law, since voluntary
payment might have been induced by either
mistake of law or of fact.

Appeal from Hill County Court; R. T.
Burns, Judge.

Action by the St. Louis Southwestern Rail-
way Company against White, Jackson & Co.
Judgment for defendants, and plaintiff ap-
peals. Reversed and remanded.

E. B. Perkins and W. B. Hamilton, both
of Dallas, and Scott & Ross, of Waco, for
appellant.

J. J. Averitte and Wear & Frazier, all of
Hillsboro, for appellees.

RASBURY, J. At a former day of' this
term we affirmed the judgment in this case.
Appellant has filed motion for rehearing,
and upon further consideration we withdraw
our opinion and herewith restate and recon-
sider the appeal as a whole on appellant's
motion for rehearing.

Appellant sued appellees to recover $455.-
50. Upon trial before the court the follow-
ing uncontroverted facts were proven: Ap-
pellant is a railroad corporation and common
carrier; appellees buy cotton in bales and
sell same in the open market to all persons
who desire to purchase it, sometimes selling
it to persons in Texas, Louisiana, and New
York, and sometimes to persons in foreign
countries. During the year 1910 appellees in
the course of their business purchased sev-
eral thousand bales of cotton at local sta-
tions on the line of the International & Great
Northern Railway Company in Hill county,
Tex., which were delivered to and transport-
ed by said railway company to the compress
in Hillsboro for concentration and compres-
sion. At the time the cotton was being con-
centrated at Hillsboro from the several
points of origin, appellees had not sold it,
and did not know when nor to whom it
would be sold, nor where it would be ship-
ped. After the cotton arrived at Hillsboro,
some of it was sold by appellees to buyers
there, some to buyers in Houston, and some
to buyers in Galveston, all Texas points.
Seven hundred and fifty of the bales were
sold and shipped to persons in Havre,
France. Upon the shipment to Havre,
France, appellant paid or refunded to ap-
pellees $455.50. The payment was under au-
thority of the orders of the Railroad Com-
mission of Texas, which permit buyers, when
cotton is purchased in a given or designated
zone, to transport same to a designated point
in the zone where a compress is situated, and
after compression, and when the cotton is
rebilled to its final destination, authorize
carriers to refund the shipper the amount of
freight from the various points of origin to
the point of concentration, which in the case
at bar was Hillsboro. The money paid ap-
pellees represented the freight on the cotton
from the points of origin to Hillsboro, the
point of concentration.

The privilege of concentrating and com-
pressing cotton and having refunded the
freight just detailed is not authorized by
the Interstate Commerce Commission of the
United States. Upon the facts related the
court awarded appellees judgment, from
which this appeal is taken.

[1, 2] Appellant contends that the entry
of judgment for appellees was erroneous, for
the reason that the shipment was foreign
commerce, and hence not subject to the reg-
ulating power of the state. The trial court's
findings of fact do disclose that the ship-
ment was a foreign one. In such cases the
tariff, regulations, and rules of the Inter-
state Commerce Commission apply. Rail-
way Co. v. Sabine Tram Co., 227 U. S. 111,
33 Sup. Ct. 229, 57 L. Ed. 442. The findings
also disclose that the Interstate Commerce
Commission did not authorize the refund of
freight in cases of concentration and com-
pression of cotton, and as a consequence ap-
pellees were not entitled to the refund.

We regard as unimportant, in determin-
ing the character of the shipment, the fact
that when the cotton was concentrated by
appellees in Hillsboro it had not been sold,

and that they had no fixed purpose concerning its final destination, for the reason that the trial court found that the refund was authorized by the state Railroad Commission when the cotton was rebilled to its final destination. The rebilling, in our opinion, is necessarily and as matter of law determinative of the right to the refund, since until final destination is disclosed it cannot be ascertained whether the commodity is intrastate or interstate commerce, and subject to state or national dominion. We therefore conclude that the court did err in its conclusion that the recovery was authorized under the rules of the state railway commission.

[3, 4] Appellant also challenges the court's conclusion of law that appellant paid the money under a mistake of law and may not for that reason recover same. Money paid under misapprehension of liability, and with full knowledge of all the facts on which the demand for payment is based, and on which the right to resist depends, cannot be recovered. Gilliam v. Alford, 69 Tex. 267, 6 S. W. 757. The finding of the court on that issue is that appellant voluntarily paid appellees the amount sued for under authority of the state Railroad Commission's order. The fact that the money was paid voluntarily is not a finding that it was or was not paid under mistake of law, since the payment could have been voluntary, and yet have been induced by either mistake of law or fact. It follows, therefore, that the court's conclusion of law that the money was paid under mistake of law is not supported by his findings of fact.

The record being as it is, the case will be reversed and remanded for another trial.

Reversed and remanded.